IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VINCENT A. HARPER,
    Petitioner,

vs.                                                    Case No.:  1:15cv2/WS/EMT

JULIE L. JONES,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 16). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 19). Petitioner filed a response in opposition to the motion (ECF No. 25).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted, and the amended habeas petition dismissed as untimely.

I.   BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is undisputed and established by the state court record (ECF No. 19).[1] Petitioner was charged in the Circuit Court in and for Alachua County, Florida, Case No. 2004-CF-2917, with one count of robbery with a firearm (Count I), one count of felony fleeing or attempting to elude an officer (Count II), and one count of misdemeanor driving while license suspended or revoked (Count III) (Ex. A2).  He was charged in Case No. 2004-CF-3138, with one count of robbery with a deadly weapon (Ex. B2).  On March 28, 2005, Petitioner entered a written plea agreement which included the following terms as to Case No. 2004-CF-2917:  (1) Petitioner would plead guilty as charged, (2) he would be sentenced to fifteen (15) years in prison on Count I, with a 10-year minimum mandatory and with pre-sentence jail credit of 438 days, (3) his sentence on Count II would run concurrently with his sentence on Count I, and (4) he would receive a sentence of time served on Count III (Ex. C).  The written plea agreement included the following terms as to Case No. 2004-CF-3138:  (1) Petitioner would plead nolo contendere to the lesser offense of robbery; (2) he would be sentenced as a prison releasee reoffender ("PRR") to fifteen (15) years in prison with a 15-year minimum mandatory and with

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 19) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case No.:  1:15cv2/WS/EMT

pre-sentence jail credit of 438 days, and (3) his sentence would run consecutive to the sentence on Count I in Case No. 2004-CF-2917 (*id.*).  The trial court accepted the plea, adjudicated Petitioner guilty, and sentenced him in accordance with the terms of the plea agreement (specifically with regard to Count II in Case No. 2004-CF-2917, the court sentenced Petitioner to five years in prison, to run concurrently with the sentence on Count I in that case) (Exs. D, E, F).  On April 15, 2005, Petitioner filed a pro se motion to withdraw his plea, on the ground that he did not understand that (1) he would receive mandatory sentences, and (2) he was pleading guilty to an offense he did not commit (Ex. G).  The trial court denied the motion in an order rendered July 15, 2005 (Ex. H).  Petitioner did not file a direct appeal of the judgment in either case.

On January 17, 2006, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, in the state circuit court (Ex. I).  The circuit court denied the Rule 3.850 motion in an order rendered April 24, 2006 (Ex. J).  Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D06-3112 (Ex. L).  The First DCA affirmed the lower court's decision per curiam without written opinion on October 23, 2006 (*id.*).  Harper v. State, 940 So. 2d 1128 (Fla. 1st DCA 2006) (Table).  The mandate issued November 20, 2006 (*id.*).

On December 17, 2006, Petitioner filed a § 2254 petition in this federal court, Case No. 1:06cv254/MMP/AK.  *See* Harper v. McDonough, Case No. 1:06cv254/MMP/AK, Petition (N.D. Fla. Dec. 21, 2006).  Petitioner moved to voluntarily dismiss his petition on January 3, 2008 (Ex. P).  *See id.*, Notice of Voluntary Dismissal (N.D. Fla. Jan. 7, 2008).  On January 9, 2008, the assigned magistrate judge issued an order advising Petitioner of the consequences of withdrawal of his petition, including that while his § 2254 petition was timely filed within the one-year federal limitations period, an attempt to file another petition may be subject to dismissal as untimely (Ex. Q).  *See id.*, Order (N.D. Fla. Jan. 9, 2008).  The court directed Petitioner to advise the court whether he wished to proceed with the voluntary dismissal or withdraw his motion to voluntarily dismiss (*id.*).  *See id.*  On February 7, 2008, Petitioner notified the court that he wished to proceed with the voluntary dismissal (Ex. R).  *See id.*, Notice (N.D. Fla. Feb. 12, 2008).  The court dismissed Petitioner's § 2254 petition on February 13, 2008, without prejudice (Ex. S).  *See id.*, Order Dismissing Case (N.D. Fla. Feb. 13, 2008).

On March 18, 2009, Petitioner filed a motion to correct illegal sentence in the state circuit court, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. V).  The circuit court denied the motion in an order rendered March 25, 2009 (Ex. W).  Petitioner appealed the decision to the First DCA, Case No. 1D09-

2057 (Exs. X, Y). The First DCA affirmed the lower court's decision per curiam without written opinion on August 13, 2009 (Ex. AA). Harper v. State, 14 So. 3d 1007 (Fla. 1st DCA 2009) (Table). The mandate issued September 9, 2009 (*id.*).

On September 27, 2010, Petitioner filed another Rule 3.800(a) motion (Ex. BB). The circuit court denied the motion in an order rendered October 8, 2010 (Ex. CC). Petitioner appealed the decision to the First DCA, Case No. 1D10-6311, but then voluntarily dismissed the appeal (Ex. EE). The First DCA dismissed the appeal on February 10, 2011 (*id.*).

On February 16, 2011, Petitioner filed a third Rule 3.800(a) motion in the state circuit court (Ex. FF). The circuit court denied the motion in an order rendered February 28, 2011 (Ex. GG). On March 9, 2011, Petitioner filed a motion for rehearing (Ex. HH). The court denied the motion for rehearing on March 16, 2011(*id.*).

On July 7, 2011, Petitioner filed a fourth Rule 3.800(a) motion (Ex. JJ). The circuit court denied the motion in an order rendered September 26, 2011 (Ex. KK). Petitioner appealed the decision to the First DCA, Case No. 1D11-5918 (Exs. LL, MM). The First DCA affirmed the lower court's decision per curiam without written opinion on February 29, 2012 (Ex. OO). Harper v. State, 81 So. 3d 420 (Fla. 1st DCA 2012) (Table). The mandate issued March 27, 2012 (*id.*).

On April 16, 2012, Petitioner filed a "Motion for Reconsideration and Reinstatement" in his first federal habeas case, Case No. 1:06cv254/MMP/AK, requesting that this federal court reinstate his first § 2254 petition (Ex. T). Harper, Case No. 1:06cv254/MMP/AK, Motion for Reconsideration and Reinstatement (N.D. Fla. Apr. 19, 2012). The court denied the motion in an order rendered October 1, 2012 (Ex. U). *See id.*, Order (N.D. Fla. Oct. 1, 2012).

Petitioner commenced the instant federal habeas action on January 8, 2015 (ECF No. 1). He contends his plea was involuntary, because trial counsel failed to advise him that entry of his plea waived his right to challenge technical deficiencies in the charging documents (*see* ECF No. 16 at 5–9).

II. ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States

is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent argues that the appropriate statutory trigger for the federal limitations period is the finality date of the judgments of conviction, pursuant to § 2244(d)(1)(A) (*see* ECF No. 19 at 4).  Petitioner does not argue that a different statutory trigger applies, nor do the allegations of his amended § 2254 petition suggest that a different trigger applies.

Petitioner did not appeal the judgments of conviction and sentence, which were rendered July 15, 2005.  *See* Fla. R. App. P. 9.202(h)(1) (providing that a Rule 3.170(l) motion tolls rendition of a final order "until the filing of a signed, written order disposing of all such motions").  Therefore, the judgments became final thirty days later, on August 15, 2005.  *See* Gonzalez v. Thaler, — U.S. —, 132 S. Ct. 641, 653, 181 L. Ed. 2d 619 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A)

when the time for seeking such review expires[.]"); Hampton v. State, 837 So. 2d 611 (Fla. 5th DCA 2003) (absent direct appeal, the judgment and sentence became final 30 days after rendition); Davis v. State, 693 So. 2d 700 (Fla. 2d DCA 1997) (same); Gust v. State, 535 So. 2d 642 (Fla.1st DCA 1988) (same). The one-year deadline for filing a § 2254 petition expired one year later, on August 15, 2006.

Petitioner did not file his federal petition on or before August 15, 2006; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In this case, Petitioner filed a tolling motion (his Rule 3.850 motion) on January 17, 2006 (*see* ECF No. 19 at 5). By that time, **154 days** of the federal limitations period had expired. The Rule 3.850 motion was pending until November 20, 2006, upon issuance of the First DCA's mandate. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). The federal limitations period resumed the next day, on

November 21, 2006, and expired on June 20, 2007 (**154 days + 211 days = 365 days**).[2]

Petitioner concedes that his § 2254 petition is untimely (ECF No. 25 at 3). However, he contends he is entitled to equitable tolling of the federal limitations period for the period June 12 through June 14 of 2007, while he was receiving in-patient mental health treatment (*id.* at 3–6, Ex. A). "Because the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, the Supreme Court has held § 2244(d) does not bar the application of equitable tolling in an appropriate case." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing Holland, 560 U.S. at 645). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649. As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014).

---

[2] Petitioner's first federal habeas petition filed in Case No. 1:06cv254/MMP/AK, did not toll § 2244(d)(1)'s limitations period. *See* Duncan v. Walker, 533 U.S. 167, 181–2, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore d[oes] not toll the limitations period during the pendency of [a] federal habeas petition.").

Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the case. Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012); *see* Holland, 560 U.S. at 649–50 (clarifying that the exercise of a court's equity powers must be made on a case-by-case basis). The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory. Hutchinson, 677 F.3d at 1099. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653; *see also* Smith v. Comm'r, Ala. Dep't of Corr., 703 F.3d 1266, 1271 (11th Cir. 2012) (per curiam) (acknowledging petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts"). Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period. Cole, 768 F.3d at 1158 (quotation marks and citation omitted).

Mental impairment is not per se a reason to toll the statute of limitations. *See* Hunter v. Ferrell, 587 F.3d 1304, 1309–10 (11th Cir. 2009). Rather, the alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition. *Id.*; *see also* Lawrence v. Florida, 421 F.3d 1221, 1226–27 (11th Cir. 2005)

(petitioner's contentions that his full scale IQ was 81 and he had "suffered from mental impairments his entire life," without more, were insufficient to justify equitable tolling because they did not establish a "causal connection between [the petitioner's] alleged mental incapacity and his ability to file a timely petition").

Here, even if Petitioner was given the benefit of equitable tolling from June 12–14 of 2007, his federal petition would still be untimely. Extending the one-year deadline by three days would have caused it to expire on June 23, 2007. Petitioner did not file any tolling motions between November 21, 2006 (the date the limitations period resumed after the Rule 3.850 proceeding) and June 23, 2007; indeed, Petitioner's next tolling motion was not filed until March 18, 2009, over a year and a half later. Therefore, equitable tolling does not render his § 2254 petition timely.

Additionally, as Petitioner concedes, his original reliance upon Martinez v. Ryan, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) to excuse his untimely filing is misplaced (*see* ECF No. 16 at 13; ECF No. 25 at 3). The Eleventh Circuit has held that the reasoning of the Martinez rule does not apply to the AEDPA's limitations period in § 2254 cases or any potential tolling of that period. *See* Arthur v. Thomas, 739 F.3d 611, 628–31 (11th Cir. 2014). Therefore, Martinez affords Petitioner no relief in overcoming the time bar in this case.

III. CONCLUSION

Petitioner's § 2254 petition was filed after the one-year limitations period expired. He has failed to demonstrate that tolling principles render his petition timely, or that he is entitled to review of his claims through a recognized exception to the time bar. Therefore, Respondent's motion to dismiss is due to be granted, and the federal petition dismissed as time-bared.

IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order. Rule 11(a) additionally provides: "Before entering the final order, the court may direct the parties to submit arguments

Case No.: 1:15cv2/WS/EMT

on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.	That Respondent's motion to dismiss (ECF No. 19) be **GRANTED**.

2.	That the amended habeas petition (ECF No. 16) be **DISMISSED** with prejudice as untimely.

3.	That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 16th day of December 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district**

**court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**